FILED

APR 21 2020

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

1:20cv67

STATE OF WEST VIRGINIA

COUNTY OF MONONGALIA, TO-WIT:

I, Jean Friend, Clerk of the Circuit Court of Monongalia County, State aforesaid, hereby certify that the foregoing are copies of the original papers filed, and a complete record of the proceedings had in the within action

**VERA JEAN YOUNGER**

**vs.        Civil Action No. 20-C-27**

**SAFECO INSURANCE COMPANY OF AMERICA**

lately pending in said Circuit Court.

Given under my hand and the seal of said Circuit Court on this 16th day of April, 2020.

Circuit Clerk of Monongalia Co., WV

CASE#:  **20-C-27**                                      Sub Code:

JUDGE:  DEBRA SCUDIERE

Date Opened: 01/30/2020
Date Printed:  04/17/2020

vs

Plaintiff:  **VERA J. YOUNGER**

Defendant:  **SAFECO INSURANCE COMPANY OF AMERICA**

Pro Attorney:  JOHN R. ANGOTTI

Def Attorney:

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 1 | 01/30/2020 | Complaint and Pl's 1st Set of Interr. & Req. for Prod. | | 200.00 | 200.00 | .00 |
| 2 | 01/30/2020 | Process held per atty. | | .00 | .00 | .00 |
| 3 | 03/12/2020 | *Answer and Defenses to Pl's Complaint (Marla N. Presley) | | .00 | .00 | .00 |
| 4 | 03/19/2020 | S/S accepted service on behalf of Safeco Ins. Co. of America on | | .00 | .00 | .00 |
| 5 | 03/19/2020 | 3/16/20 | | .00 | .00 | .00 |
| 6 | 04/16/2020 | Notice of Filing Notice of Removal | | .00 | .00 | .00 |
| 7 | 04/16/2020 | REMOVED TO FEDERAL COURT | | .00 | .00 | .00 |
| | | **Totals** | | **200.00** | **200.00** | **.00** |

## CIVIL CASE INFORMATION STATEMENT

In the Circuit Court of __Monongalia__ County, West Virginia

I.    CASE  STYLE:                                    Case # 20-C-_27_

                                                      Judge _____DS_____

**Plaintiff(s)**

VERA JEAN YOUNGER,

              PLAINTIFF,

Vs.

**Defendant(s)**

|  | **DAYS TO ANSWER** | **TYPE OF SERVICE** |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA % CORPORATION SERVICE COMPANY 209 W. WASHINGTON STREET CHARLESTON, WV 25302 | N/A | HOLD SERVICE |

Original and _____ copies of complaint furnished herewith.

FILED

JAN 3 0 2020

JEAN FRIEND, CLERK

| PLAINTIFF: VERA JEAN YOUNGER<br>DEFENDANT(S): SAFECO INSURANCE COMPANY OF AMERICA | CASE NUMBER:<br>20-C- |
|---|---|

II.    TYPE OF CASE:

| TORTS | OTHER   CIVIL | |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional Malpractice | ☒ Contract | ☐ Petition for Modification of<br>Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☐ Other |
| ☒ Other Tort | ☐ Appeal of Administrative Agency | ☐ |

III.    JURY DEMAND:    ☒ Yes ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR)  1/81

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE    ☐ YES    ☐ NO

IF YES, PLEASE SPECIFY:

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other:_____

Attorney Name: JOHN R. ANGOTTI
            WV STATE BAR #5068
            DAVID J. STAFACE
            WV STATE BAR #3634
            CHAD C. GROOME
            WV STATE BAR #9810                    Representing:
Firm:        ANGOTTI & STRAFACE, L.C.;        X Plaintiff    ☐ Defendant
Address:    274 SPRUCE STREET, MORGANTOWN, WV 26505
Telephone:  (304) 292-4381

DATE:    1-30-20

_____
Signature

☐ Pro Se

**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

**VERA JEAN YOUNGER,**

        **PLAINTIFF,**

**VS.**                                                    CIVIL CASE NO. 20-C-27

**SAFECO INSURANCE COMPANY OF**
**AMERICA,**                                      **INTERROGATORIES AND REQUESTS**
                                                        **FOR PRODUCTION SERVED WITH**
        **DEFENDANT.**            **SUMMONS AND COMPLAINT**

**COMPLAINT**

NOW COMES, the plaintiff, Vera Jean Younger, by and through her counsel, John Angotti, David J. Straface, Chad C. Groome and Angotti & Straface, L.C., and for her Complaint against the defendant, Safeco Insurance Company of America, hereby alleges as follows:

**PARTIES AND JURISDICTION**

1. The plaintiff, Vera Jean Younger, is a resident of Morgantown, Monongalia County, West Virginia.

2. Upon information and belief, the defendant, Safeco Insurance Company of America, is a foreign corporation licensed to conduct insurance business in the State of West Virginia, which does engaging in substantial insurance business in the State of West Virginia, which has a principle place of business of 62 Maple Avenue, Keene, New Hampshire 03431, and which has a service of process address registered with the West Virginia Secretary of State of c/o Corporation Service Company, 209 W. Washington Street, Charleston, West Virginia 25302.

FILED

JAN 3 0 2020

JEAN FRIEND, CLERK

3. The Circuit Court of Monongalia County, West Virginia, has subject matter jurisdiction over the plaintiff's claims and may properly exercise personal jurisdiction over the defendant.

4. The Circuit Court of Monongalia County, West Virginia, is a proper venue for the instant civil action.

### RELEVANT FACTS

5. On or about May 21, 2015, the plaintiff, Vera Jean Younger, was injured in a motor vehicle collision at the intersection of Rogers Avenue and Wade Street in Morgantown, Monongalia County, West Virginia, which was proximately caused by tortfeasor, Tina Louise Hart.

6. At all times material and relevant, tortfeasor's liability for the aforesaid collision was reasonably clear.

7. As a direct and proximate result of the foregoing motor vehicle collision, the plaintiff, Vera Jean Younger, suffered injuries to her head, neck, back and other parts of her body and suffered damages, some of which are permanent in nature.

8. At the time of the subject motor vehicle collision, the tortfeasor, Tina Lousie Hart, was insured by a policy of motor vehicle liability coverage providing an available policy limit of Twenty Thousand Dollars ($20,000.00) and issued to her by Allstate Insurance Company.

9. At the time of the subject motor vehicle collision, the plaintiff, Vera Jean Younger, was covered by a policy of West Virginia underinsured motorists coverage issued to her by defendant, Safeco Insurance Company of America, with an available limit of One Hundred Thousand Dollars ($100,000.00).

10. The plaintiff, Vera Jean Younger, trusted that the defendant, Safeco Insurance Company of America, would provide her, in consideration for the payment of valuable insurance premiums, with coverage for her injuries and damages left underinsured by negligent motorists who were without sufficient insurance coverage to fully compensate her.

11. On or about June 29, 2016, Allstate Insurance Company, offered to the plaintiff, Vera Jean Younger, the tortfeasor's available liability policy limit of Twenty Thousand Dollars ($20,000.00) to settle her claims against Ms. Hart.

12. The plaintiff, Vera Jean Younger, would not be made whole by this settlement. As such, she intended to utilize the UIM coverage she purchased from defendant, Safeco Insurance Company of America, to protect her.

13. The plaintiff, Vera Jean Younger, by counsel, obtained contacted defendant, Safeco Insurance Company of America, notified it of the foregoing settlement offer, of her intent to accept it, and of her intention to pursue a claim under her UIM coverage. The plaintiff, Vera Jean Younger, also sought consent to settle and a waiver of subrogation from the defendant, Safeco Insurance Company of America, allowing her to accept the tortfeasor's offer and proceed against the UIM coverage.

14. On or about July 12, 2016, the defendant, Safeco Insurance Company of America, provided the plaintiff, Vera Jean Younger, with consent to settle and a waiver of subrogation.

15. Accordingly, the plaintiff, Vera Jean Younger, finalized the settlement with the tortfeasor.

16. As a result, the plaintiff, Vera Jean Younger, was able to resolve her motor vehicle claims against the tortfeasor, Tina Louise Hart, without the need for and cost of filing a lawsuit.

17. On or about August 10, 2016, the plaintiff, Vera Jean Younger, by counsel, demanded from the defendant, Safeco Insurance Company of America, her the available UIM policy limits of One Hundred Thousand Dollars ($100,000.00) to resolve her first-party claims it.

18. Defendant, Safeco Insurance Company of America, did not provide an immediate offer in response to the plaintiff's August 10, 2016 policy limits demand.

19. Instead, by correspondence dated October 21, 2016, defendant, Safeco Insurance Company of America, offered the plaintiff, Vera Jean Younger, a low-ball offer of Five Hundred Dollars ($500.00) to resolve her UIM coverage.  Defendant, Safeco Insurance Company of America's offer was unreasonable in light of the plaintiff's injuries and damages.

20. In response to the foregoing low-ball offer, the plaintiff, Vera Jean Younger, reiterated her One Hundred Thousand Dollar ($100,000.00) policy limits demand.

21. By correspondence dated November 11, 2016, defendant, Safeco Insurance Company of America, indicated that it was "not in a position to accept or reject" the plaintiff's policy limits demand since her treatment was continuing.  Defendant, Safeco Insurance Company of America's position was unreasonable in light of the plaintiff's injuries and damages.

22. On or about December 19, 2016, the plaintiff, Vera Jean Younger, by counsel, renewed her One Hundred Thousand Dollar ($100,000.00) UIM policy limits

demand against defendant, Safeco Insurance Company of America.    Ms. Younger's policy limits demands were supported by competent medical evidence.

23. Attached to the December 19, 2016 demand was a medical report issued by the plaintiff Vera Jean Younger's treating physician, Dr. Emmanuel Munoz, M.D.

24. Therein, Dr. Emmanuel Munoz, M.D. opined that its insured and plaintiff, Vera Jean Younger, suffered from cervical, thoracic and lumbar muscle strain/sprains from the May 21, 2015 motor vehicle collision, with pain, limited range of motion, and loss of function.

25. In the aforementioned report, Dr. Emmanuel Munoz, M.D. further opined that, to a reasonable degree of medical certainty, the insured plaintiff, Vera Jean Younger, would continue to require treatment for her injuries received in the collision and that he considered the same to be permanent.

26. In the aforementioned report, Dr. Emmanuel Munoz, M.D. further opined that, due to plaintiff Vera Jean Younger's residual effects of the damage to her tendons, ligaments, muscles and spinal components, she continues to suffer problems.  He reasoned that, in order to give its insured and plaintiff, Vera Jean Younger, sufficient and effective supportive care and to keep her at her current level of functionality, Ms. Younger should be on a treatment plan of physical therapy one time a week indefinitely at a cost of between Two Hundred Fifty-Eight and Three Hundred Fifty Dollars ($258.00 - $350.00).

27. The foregoing report(s) of Dr. Emmanuel Munoz, M.D., provided to defendant, Safeco Insurance Company of America, established that the plaintiff, Vera Jean Younger, was medically diagnosed as suffering from permanent injuries secondary

to the subject motor vehicle collision and which would require a lifetime of maintenance and supportive care.

28. Despite the foregoing report(s) of Dr. Emmanuel Munoz, M.D., defendant, Safeco Insurance Company of America, wholly ignored his objective and unbiased conclusions regarding the state of the plaintiff's health.

29. Rather, by correspondence dated December 21, 2016, defendant, Safeco Insurance Company of America, reiterated its low-ball offer in the amount of Five Hundred Dollars ($500.00) to its insured, plaintiff, Vera Jean Younger.  Defendant, Safeco Insurance Company of America's offer was unreasonable in light of the plaintiff's injuries and damages.

30. Defendant, Safeco Insurance Company of America, demonstrated no interest in resolving Ms. Younger's claims in good faith pre-suit.  After becoming aware of the opinions of plaintiff Vera Jean Younger's treating physician, Dr. Emmanuel Munoz, M.D., defendant, Safeco Insurance Company of America, simply doubled-down on its low-ball offer to Ms. Younger demonstrating that it had no interest in fairly negotiating the plaintiff's claims pre-suit.

31. Defendant Safeco Insurance Company of America's low-ball offer, refusal to consider the opinions of Dr. Emmanuel Munoz, M.D., and unwillingness to negotiate in good faith , the plaintiff, Vera Jean Younger, was forced to file a lawsuit suit against defendant, Safeco Insurance Company of America, to make a recovery under the UIM coverage she purchased from the defendant.

32. On or about February 21, 201, the plaintiff, Vera Jean Younger, filed suit pursuant to **W.Va. Code § 33-6-31** by causing a copy of a Complaint to be served on

defendant, Safeco Insurance Company of America, in the name of the settling tortfeasor, Tina Louise Hart.

33. On March 28, 2017, after suit had been filed, Safeco Insurance Company of America increased its offer to the plaintiff, Vera Jean Younger, under her UIM coverage from Five Hundred Dollars ($500.00) to a second low-ball offer of Ten Thousand Dollars ($10,000.00).    Defendant, Safeco Insurance Company of America's offer was unreasonable in light of the plaintiff's injuries and damages.

34. At the time the Ten Thousand Dollar ($10,000.00) low-ball offer was made by defendant, Safeco Insurance Company of America, there had been no substantial change in the information concerning the plaintiff's treatment or conditions caused by the collision.    Instead, the Ten Thousand Dollar ($10,000.00) offer made to the plaintiff, Vera Jean Younger, by the defendant, Safeco Insurance Company of America, was only made because the plaintiff, Vera Jean Younger, instituted the underlying lawsuit.

35. On or about May 16, 2018, a mediation was held in the underlying UIM case matter.  At mediation, the defendant, Safeco Insurance Company of America, did not negotiate in good faith and only renewed its low-ball UIM offer of Ten Thousand Dollars ($10,000.00) to the plaintiff, Vera Jean Younger.    Defendant, Safeco Insurance Company of America's decision to stand by its previous low-ball offer(s) was unreasonable in light of the plaintiff's injuries, damages, and information available to it.

36. On or about July 20, 2017, the plaintiff, Vera Jean Younger, by counsel, once again renewed her policy limits UIM demand of One Hundred Thousand Dollars ($100,000.00) to defendant, Safeco Insurance Company of America.

37. Accompanying plaintiff Vera Jean Younger's July 20, 2017 demand was the report of an economic expert, Clifford W. Hawley, Ph.D., who opined that, based upon Dr. Emmanuel Munoz, M.D.'s opinions disclosed to defendant, Safeco Insurance Company of America in December of 2016, the plaintiff's future medical expenses would total approximately Three Hundred Forty-Eight Thousand Two Hundred Forty-Three Dollars ($348,243.00).

38. The plaintiff, Vera Jean Younger, received no responsive offer from defendant, Safeco Insurance Company of America, to her July 20, 2017 demand under the UIM coverage.  Instead, defendant, Safeco Insurance Company of America, seemingly ignored this supportive evidence as well.

39. Defendant, Safeco Insurance Company of America's failure to respond and implicit decision to stand by its previous low-ball offer(s) was unreasonable in light of the plaintiff's injuries, damages, and information available to it.

40. During the course of litigation, and unbeknownst to the plaintiff, Vera Jean Younger, her treating physician, Dr. Emmanuel Munoz, M.D., retired and relocated to California.

41. Despite knowing of Dr. Emmanuel Munoz, M.D.'s opinions and Clifford W. Hawley, Ph.D.'s calculation of future damages made pursuant to the same, defendant, Safeco Insurance Company of America, did not resolve the plaintiff's UIM claims. Instead, it placed its own interests ahead of its insured's and attempted to use Dr.

Munoz's absence to its tactical advantage in an effort to exclude his opinions from the trial of plaintiff Vera Jean Younger's underlying claims.

42. Despite the efforts of defendant, Safeco Insurance Company of America, the Court in the underlying case permitted the plaintiff, Vera Jean Younger, an opportunity to secure a new expert witness due to Dr. Emmanuel Munoz, M.D.'s absence.

43. In response to the same, the plaintiff, Vera Jean Younger, secured the services of a retained expert, Dr. Bruce A. Guberman, M.D., who examined the plaintiff and opined that she suffered from chronic posttraumatic strain of the cervical and lumbrosacral spine solely caused by the May 21, 2015 motor vehicle collision.

44. Dr. Bruce A. Guberman, M.D., further opined that plaintiff Vera Jean Younger's treatment from the motor vehicle collision was reasonable and necessary for her conditions caused by the same; that she reached maximum medical improvement and that her symptoms may progressively get worse; that her injuries were permanent in nature; and that Ms. Younger was reasonably certain to need future medical treatment.

45. For all intents and purposes, Dr. Bruce A. Guberman, M.D.'s opinions were substantially similar to those already posited by Dr. Emmanuel Munoz, M.D. As such, he was simply reiterating what defendant, Safeco Insurance Company of America, had known since at least December of 2016.

46. The plaintiff, Vera Jean Younger, also secured the services of expert witness, Cathy Gross, MS, CRC, LPC, CLCP, who opined that, based upon the reports of Dr. Emmanuel Munoz, M.D. and Dr. Bruce A. Guberman, M.D., Ms. Younger's future medical costs would be between Two Hundred Fifty-Six Thousand Eleven

Dollars ($256,011.00) and Two Hundred Seventy-Three Thousand Ninety-Three Dollars ($273,093.00). Ms. Gross's conclusions were substantially similar to that of Clifford W. Hawley, Ph.D.

47. The reports and opinions of Dr. Bruce A. Guberman, M.D., and Cathy Gross, MS, CRC, LPC, CLCP, were provided to defendant, Safeco Insurance Company of America.

48. Despite receiving the reports and opinions of Dr. Bruce A. Guberman, M.D., and Cathy Gross, MS, CRC, LPC, CLCP, the defendant, Safeco Insurance Company of America, did not make an immediate increase of its Ten Thousand Dollar ($10,000.00) low-ball offer to plaintiff, Vera Jean Younger, under the UIM coverage she purchased. Defendant, Safeco Insurance Company of America's decision to stand by its previous low-ball offer(s) was unreasonable in light of the plaintiff's injuries, damages, and information available to it.

49. The discovery and video trial depositions of Bruce Guberman, M.D., were scheduled to be held in Huntington, West Virginia, on or about February 14, 2019.

50. Leading up to said depositions, defendant, Safeco Insurance Company of America, began to make offers substantially higher to the plaintiff, Vera Jean Younger. These offers came from defendant, Safeco Insurance Company of America, despite no significant change in the plaintiff's injuries, damages, and information available to it.

51. After communicating with plaintiff Vera Jean Younger's counsel leading up to the Guberman depositions, defendant, Safeco Insurance Company of America, indicated that its best offer to plaintiff, Vera Jean Younger, under her UIM coverage

would be Seventy-Five Thousand Dollars ($75,000.00).    This offer only came to plaintiff, Vera Jean Younger, after years of litigation with her insurer, defendant, Safeco Insurance Company of America.

52. The plaintiff, Vera Jean Younger, exhausted by the years of annoyance and inconvenience caused to her by defendant, Safeco Insurance Company of America, agreed to accept the Seventy-Five Thousand Dollar ($75,000.00) offer to resolve her UIM claim to bring this matter to a prompt conclusion and to avoid further substantial additional litigation expenses that she would incur by completing the depositions and proceeding to trial, costs she estimated to be around Fifteen Thousand Dollars ($15,000.00).

53. Defendant, Safeco Insurance Company of America, forced the plaintiff, Vera Jean Younger, to file suit and engage in years of unnecessary and costly litigation in order to make a recovery under her insurance contract for UIM benefits and receive the benefit of her contractual bargain with the defendant.

54. Defendant, Safeco Insurance Company of America, engaged in gamesmanship toward its insured, plaintiff, Vera Jean Younger, and puts its interests ahead of her own by ignoring pertinent claims information regarding the opinions of her treating physicians, expert witnesses, and needs for future treatment.  Defendant, Safeco Insurance Company of America, also attempted to use Dr. Emmanuel Munoz, M.D.'s retirement to its advantage, forcing the plaintiff to seek the delay of her trial and incur the costs of obtaining new experts to make up for Dr. Munoz's absence, just so those experts could reiterate opinions similar to those that Dr. Munoz had previously espoused and which were long known to the defendant.

55. The plaintiff, Vera Jean Younger, filed a Motion with the Circuit Court of Monongalia County, West Virginia, seeking a declaration under the **Hayseeds/Saseen** doctrine that she has "substantially prevailed" against it in the underlying litigation.

56. By order dated December 2019, the Circuit Court of Monongalia County, West Virginia, held that the plaintiff, Vera Jean Younger, "substantially prevailed" against the defendant, Safeco Insurance Company of America, as a matter of law.

### Count I

### First-Party Common Law Insurance Bad Faith

1. The plaintiff, Vera Jean Younger, incorporates by reference as if fully set forth herein all paragraphs of the Complaint to the extent consistent with the below allegations.

2. The defendant, Safeco Insurance Company of America, has a contractual duty to indemnify the plaintiff, Vera Jean Younger, for her injuries and damages caused by the operator of an underinsured motor vehicle.

3. The duty of good faith and fair dealing runs between insurer and insured at all times.

4. The plaintiff, Vera Jean Younger, suffered a covered underinsured motorist coverage loss, timely presented the same, and did comply with all of her obligations and duties under the subject policy.

5. Despite the foregoing, the defendant, Safeco Insurance Company of America, refused to honor and/or timely honor said UIM claim.

6. The defendant, Safeco Insurance Company of America, breached its contractual duties to the plaintiff, Vera Jean Younger, under the subject insurance contract and did further breach the covenant of good faith and fair dealing owed toward the plaintiff.

7. The defendant, Safeco Insurance Company of America, unfairly and unlawfully delayed, denied, and defended plaintiff Vera Jean Younger's UIM claim when it was reasonably clear from the available information that the same was payable under policy and clearly revealed that the defendants' low-ball offers were grossly inadequate and objectively unreasonable.

8. The defendant, Safeco Insurance Company of America, placed its interests ahead of its own insured, plaintiff, Vera Jean Younger, with respect to her UIM claim and looked for any reason to delay and/or deny the same.

9. The delay, denial, and/or defense of plaintiff Vera Jean Younger's UIM claim by defendant, Safeco Insurance Company of America, was/were done intentionally, maliciously, willfully, wantonly, and with criminal disregard to the civil rights of the plaintiffs.

10. As a direct and proximate result of defendant Safeco Insurance Company of America's breach of the covenant of good faith and fair dealing and bad faith conduct toward the plaintiff, Vera Jean Younger, the plaintiff, Vera Jean Younger, suffered damages including, but not limited to consequential losses, economic losses, severe mental anguish and/or emotional distress, annoyance, inconvenience, attorney's fees, litigation costs, loss of interest, and other special and/or general damages for which she should be compensated.

11. The aforementioned damages suffered by the plaintiff, Vera Jean Younger, were the result of conduct that was carried out by the defendant, Safeco Insurance Company of America, with actual malice toward the plaintiff, Vera Jean Younger, and/or a conscious, reckless and outrageous indifference to the health, safety and welfare of others, including the plaintiff. As such, an award of punitive damages is proper to punish the defendant, Safeco Insurance Company of America, for its conduct and/or to dissuade the defendant and others similarly situated from engaging in similar conduct in the future.

## Count II

### Violation of the UTPA/Statutory First-Party Bad Faith

12. The plaintiff, Vera Jean Younger, incorporates by reference as if fully set forth herein all paragraphs of the Complaint to the extent consistent with the below allegations.

13. The acts and/or omissions of the defendant, Safeco Insurance Company of America, as set forth in this Complaint were in violation of the *Unfair Trade Practices Act*, **West Virginia Code §§ 33-11-4(9)** in one or more of the following particulars:

   a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

   b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

   c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

d.  Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e.  Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

f.  Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered;

g.  Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

h.   Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

i.  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

j.  Other acts and/or omissions hereinafter discovered.

14. The acts and/or omissions of the defendant, Safeco Insurance Company of America, were done in violation of one or more regulations of the West Virginia Insurance Commissioner.

15. The acts and/or omissions of the defendant, Safeco Insurance Company of America, surrounding the subject UIM claim and/or other claims were and/or are

performed with such frequency as to indicate a general business practice of violating the *Unfair Trade Practices Act.*

16. Defendant Safeco Insurance Company of America's conduct in handling the UIM claim of the plaintiff, Vera Jean Younger, was done intentionally, maliciously, willfully, wantonly, and with criminal disregard to the civil rights of the plaintiff.

17. As a direct and proximate result of defendant Safeco Insurance Company of America's violation of statute, the plaintiff, Vera Jean Younger, suffered damages including, but not limited to consequential losses, economic losses, severe mental anguish and/or emotional distress, annoyance, inconvenience, attorney's fees, litigation costs, loss of interest, and other special and/or general damages for which she should be compensated.

18. The aforementioned damages suffered by the plaintiff, Vera Jean Younger, were the result of the conduct that was carried out by the defendant, Safeco Insurance Company of America, with actual malice toward the plaintiff and/or a conscious, reckless and outrageous indifference to the health, safety and welfare of others, including the plaintiff.  As such, an award of punitive damages is proper to punish the defendant, Safeco Insurance Company of America, for its conduct and/or dissuade the defendant and others similarly situated from engaging in similar conduct in the future.

## Count III

## Tort of Outrage

19. The plaintiff, Vera Jean Younger, incorporates by reference as if fully set forth herein all paragraphs of the Complaint to the extent consistent with the below allegations.

20. The conduct of the defendant, Safeco Insurance Company of America, was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

21. The defendant, Safeco Insurance Company of America, acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from their conduct.

22. The actions of the defendant, Safeco Insurance Company of America, caused the plaintiff, Vera Jean Younger, to suffer emotional distress.

23. The emotional distress suffered by the plaintiff, Vera Jean Younger, was so severe that no reasonable person could be expected to endure it.

24. The acts and/or omissions of the defendant, Safeco Insurance Company of America, did cause the plaintiff, Vera Jean Younger, consequential losses, economic losses, severe mental anguish and/or emotional distress, annoyance, inconvenience, attorney's fees, litigation costs, loss of interest, and other special and/or general damages for which she should be compensated.

25. The aforementioned damages suffered by the plaintiff, Vera Jean Younger, were the result of the conduct that was carried out by the defendant, Safeco Insurance Company of America, with actual malice toward the plaintiff and/or a conscious,

reckless and outrageous indifference to the health, safety and welfare of others, including the plaintiff.  As such, an award of punitive damages is proper to punish the defendant, Safeco Insurance Company of America, for its conduct and/or dissuade the defendant and others similarly situated from engaging in similar conduct in the future.

## Count IV

## Negligence

26. The plaintiff, Vera Jean Younger, incorporates by reference as if fully set forth herein all paragraphs of the Complaint to the extent consistent with the below allegations.

27. The defendant, Safeco Insurance Company of America, had a duty to refrain from acts and/or omissions that they knew or should have known were likely to cause harm to the plaintiff, Vera Jean Younger.

28. The defendant, Safeco Insurance Company of America, did breach said duty to the plaintiff, Vera Jean Younger.

29. As a direct and proximate result of defendant Safeco Insurance Company of America's breach of duty, the plaintiff, Vera Jean Younger, suffered damages including, but not limited to consequential losses, economic losses, severe mental anguish and/or emotional distress, annoyance, inconvenience, attorney's fees, litigation costs, loss of interest, and other special and/or general damages for which she should be compensated.

30. The aforementioned damages suffered by the plaintiff, Vera Jean Younger, were the result of the conduct that was carried out by the defendant, Safeco Insurance

Company of America, with actual malice toward the plaintiff and/or a conscious, reckless and outrageous indifference to the health, safety and welfare of others, including the plaintiff.  As such, an award of punitive damages is proper to punish the defendant, Safeco Insurance Company of America, for its conduct and/or dissuade the defendant and others similarly situated from engaging in similar conduct in the future.

## Count V

## Action for *Hayseeds/Saseen* Damages

31. The plaintiff, Vera Jean Younger, incorporates by reference as if fully set forth herein all paragraphs of the Complaint to the extent consistent with the below allegations.

32. West Virginia law clearly provides first-party insureds with an award of consequential losses when they "substantially prevail" in litigation against their insurers.

33. This principle was first expressed at **Syl. Pt. 1, Hayseeds, Inc. v. State Farm Fire & Cas., 177 W. Va. 323, 324, 352 S.E.2d 73, 74 (1986),** *holding modified by* **Miller v. Fluharty, 201 W. Va. 685, 500 S.E.2d 310 (1997)**, wherein the West Virginia Supreme Court of Appeals held that "[w]henever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience."

34. The Court in **Hayseeds at 329, 352 S.E.2d at 79** reasoned that "[i]n *Aetna Casualty & Surety Co. v. Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156 (1986), we held in Syllabus Point 2: Where a declaratory judgment action is filed to determine whether an insurer has a duty to defend its insured under its policy, if the insurer is found to have such a duty, its insured is entitled to recover reasonable attorney's fees arising from the declaratory judgment litigation. We adopted this rule in recognition of the fact that, when an insured purchases a contract of insurance, he buys insurance—not a lot of vexatious, time-consuming, expensive litigation with his insurer. As our opinion noted: Where an insurer has violated its contractual obligation to defend its insured, the insured should be fully compensated for all expenses incurred as a result of the insurer's breach of contract, including those expenses incurred in a declaratory judgment action. To hold otherwise would be unfair to the insured, who originally purchased the insurance policy to be protected from incurring attorney's fees and expenses arising from litigation. 176 W.Va. 190, 342 S.E.2d at 160."

35. The **Hayseeds** doctrine was expanded to apply to UM/UIM claims in 1994 at **Syl. Pt. 6. Marshall v. Saseen, 192 W. Va. 94, 96, 450 S.E.2d 791, 793 (1994)**, wherein the Court held that "[w]hen a policyholder of uninsured or underinsured motorist coverage issued pursuant to W.Va.Code, 33–6–31(b) substantially prevails in a suit involving such coverage under W.Va.Code, 33–6–31(d), the insurer issuing such policy is liable for the amount recovered up to the policy limits, the policyholder's reasonable attorney fees, and damages proven for aggravation and inconvenience."

36. The application of the **Saseen** doctrine was further clarified at **Syl. Pt. 2, Miller v. Fluharty, 201 W. Va. 685, 688–89, 500 S.E.2d 310, 313–14 (1997)** wherein the Court held that "'[a]n insured 'substantially prevails' in a property damage action against his or her insurer when the action is settled for an amount equal to or approximating the amount claimed by the insured immediately prior to the commencement of the action, as well as when the action is concluded by a jury verdict for such an amount. In either of these situations the insured is entitled to recover reasonable attorney's fees from his or her insurer, as long as the attorney's services were necessary to obtain payment of the insurance proceeds.' Syllabus Point 1, *Jordan v. National Grange Mut. Ins. Co.,* 183 W.Va. 9, 393 S.E.2d 647 (1990)."

37. The Court stated further that "[a]n insurance carrier has a duty, once a first-party policyholder has submitted proof of a loss, to promptly conduct a reasonable investigation of the policyholder's loss based upon all available information. On the basis of that investigation, if liability to the policyholder has become reasonably clear, the insurance carrier must make a prompt, fair and equitable settlement offer. If the circuit court finds evidence that the insurance carrier has failed to properly or promptly investigate the policyholder's claim, then the circuit court may consider that evidence in determining whether the policyholder has substantially prevailed in an action to enforce the insurance contract." **Syl. Pt. 3, Id.**

38. "When examining whether a policyholder has substantially prevailed against an insurance carrier, a court should look at the negotiations as a whole from the time of the insured event to the final payment of the insurance proceeds. If the

policyholder makes a reasonable demand during the course of the negotiations, within policy limits, the insurance carrier must either meet that demand, or promptly respond to the policyholder with a statement why such a demand is not supported by the available information. The insurance carrier's failure to promptly respond is a factor for courts to consider in deciding whether the policyholder has substantially prevailed in enforcing the insurance contract, and therefore, whether the insurance carrier is liable for the policyholder's consequential damages under *Hayseeds, Inc. v. State Farm Fire & Cas.,* 177 W.Va. 323, 352 S.E.2d 73 ( 1986) and its progeny." **Syl. Pt. 4, <u>Id.</u>**

39. "Whether a policyholder has substantially prevailed is determined by looking at the totality of the policyholder's negotiations with the insurance carrier, not merely the status of negotiations before and after a lawsuit is filed." **<u>Id.</u> at 696, 500 S.E.2d at 321**.

40. "The policy underlying *Hayseeds, Jordan* and *Marshall* is that a policyholder buys an insurance contract for peace of mind and security, not financial gain, and certainly not to be embroiled in litigation. The goal is for all policyholders to get the benefit of their contractual bargain: they should get their policy proceeds promptly without having to pay litigation fees to vindicate their rights. *Hayseeds,* 177 W.Va. at 329, 352 S.E.2d at 79." **<u>Id.</u> at 694, 500 S.E.2d at 319**.

41. "Similarly, we consider it of little importance whether an insurer contests an insured's claim in good or bad faith. In either case, the insured is out his consequential damages and attorney's fees.   To impose upon the insured the cost

of compelling his insurer to honor its contractual obligation is effectively to deny him the benefit of his bargain." **Hayseeds at 329, 352 S.E.2d at 79–80**.

42. In the underlying case, the Circuit Court found that the plaintiff, Vera Jean Younger, "substantially prevailed" against the defendant, Safeco Insurance Company of America, in their underlying UIM claim.

43. To that extent, the plaintiff, Vera Jean Younger, should be awarded any consequential losses she was not compensated with or for in the underlying matter and which she may be entitled to having "substantially prevailed" against the defendant, Safeco Insurance Company of America, and/or pursuant to the **Hayseeds/Saseen**.

44. The aforementioned conduct of the defendant, Safeco Insurance Company of America, was done with actual malice toward the plaintiff, Vera Jean Younger, and/or a conscious, reckless and outrageous indifference to the health, safety and welfare of others, including the plaintiff. As such, an award of punitive damages is proper to punish the defendant, Safeco Insurance Company of America, for its conduct and/or dissuade the defendant and others similarly situated from engaging in similar conduct in the future.

**WHEREFORE**, the plaintiff, Vera Jean Younger, by and through her counsel, respectfully demands judgment be entered against the defendant, Safeco Insurance Company of America, for compensatory damages in excess of the jurisdictional threshold of the Court in an amount sufficient to make her whole, for punitive damages in excess of the jurisdictional threshold of the Court in an amount sufficient to punish the defendant or deter it and others from acting similarly in the future, for attorney's fees and costs where

23

allowable by law, for pre- and post-judgment interest where allowable by law, and for such

additional favorable relief as the Court deems just and appropriate.

### A JURY TRIAL IS DEMANDED ON ALL ISSUES.

Respectfully Submitted,
VERA JEAN YOUNGER, Plaintiff,

BY:     _____

JOHN R. ANGOTTI, ESQUIRE (#5068)
DAVID J. STRAFACE, ESQUIRE (#3634)
CHAD C. GROOME, ESQUIRE (#9810)
ANGOTTI & STRAFACE, LC
274 Spruce Street
Morgantown, WV 26505
Phone: (304) 292-4381
Facsimile: (304) 292-7775
*Of Counsel for Plaintiff, Vera Jean Younger*

**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

**VERA JEAN YOUNGER,**

       **PLAINTIFF,**

**VS.**                                    **CIVIL CASE NO.** _20-C-27_

**SAFECO INSURANCE COMPANY OF AMERICA,**

       **DEFENDANT.**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND ITEMS TO DEFENDANT, SAFECO INSURANCE COMPANY OF AMERICA

Pursuant to the provision of Rules 33 and 34 of the West Virginia Rules of Civil Procedure, Plaintiff, by counsel, hereby requests the defendant, Safeco Insurance Company of America (hereinafter sometimes referred to as "Safeco"), to answer and respond separately, in writing and under oath, to the following interrogatories and requests for production and to produce the following documents and things or copies thereof. Service of defendant's answers and a true copy of each and every document or object requested may be made upon the undersigned by depositing its answers and a true copy of each and every document or object requested in the U.S. Mail, postage prepaid, to Angotti & Straface, L.C., 274 Spruce Street, Morgantown, West Virginia 26505, or by delivering the same at such other place as may be agreed upon by the parties, within thirty (30) days of service of the same upon you.

## INSTRUCTIONS

1. The below interrogatories are deemed to be continuing so as to require the filing of supplemental answers promptly in the event that the defendant or defendant's representatives,

FILED

JAN 3 0 2020

JEAN FRIEND, CLERK

including counsel, learn additional facts not set forth in the answers or discover that information given in response to any of the interrogatories is incorrect. Such supplemental answers may be filed from time to time, but in no event later than thirty (30) days after such further information is received.

2. Each interrogatory is to be answered separately and as completely as possible. The omission of any name, fact or other representation that such name, fact or item was not known to the defendant, counsel or other representatives at the time of the service of the answers will be deemed controlling.

3. Each document or thing produced in response to any of the specifications herein is to be marked to indicate the specific number in response to which it is being submitted.

4. If a document or thing is withheld under any claim of privilege, identify and describe each such document or thing specifically and state with respect to each such document the subject matter and the basis for any claim of the privilege.

5. This request is to be continuing in nature such that all requested documents and things obtained, prepared or otherwise generated in the future through the completion of these proceedings are requested to be produced.

<u>DEFINITIONS</u>

The following definitions shall apply throughout these interrogatories and requests.

1. The words "defendant", "you" and "your" include the named defendant, agents and representatives, including counsel for the named defendant.

2. The word "describe" and "state" shall mean:

    a. describe or state fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law;

2

     b.      particularize as to

         (i)     time

         (ii)    place

         (iii)   manner

3.      The word "identify" as used in connection with a person or persons means to state the name, title and present address of such person or persons.

4.      The word "identify" as applied to any document means to state the following:

     a.      its date;

     b.      the identity of its author;

     c.      the identity of its sender;

     d.      the identity of the person to whom it was addressed;

     e.      the identity of the recipient;

     f.      the format;

     g.      the title;

     h.      the number of pages; and,

     i.      the identity of the persons known or believed to have possession, custody or access to the documents.

5.      The word "document" shall mean any written, printed, typed or other graphic matter of any kind or nature, including but not limited to agreements, notes, memorandum, agenda, calendar entries, correspondence and financial records, and all mechanical and electronic sound recordings or transcripts thereof in the possession and/or control of the defendant or agents of the defendant or known by the defendant to exist.

6.      Where appropriate, the singular means the plural and the plural means the singular.

## INTERROGATORIES

**INTERROGATORY NO.1:**    Please state the name, business and residential address, business and residential telephone numbers and position with Safeco of the individual who will serve as your corporate representative at the trial of this case.

**ANSWER:**

**INTERROGATORY NO. 2:**    Please state the name, residential and business address, residential and business telephone number of each and every individual who was employed by Safeco and performed any work or was in any manner involved in the handling of the claims of Vera Younger, which is the subject of Complaint.  Identify any and all documents and items evincing your response.

**ANSWER:**

**INTERROGATORY NO. 3:**    For each such person identified in Interrogatory No. 2, please state with specificity:

(a)    what each person did in regard to handling the claims of the Ms. Younger;

(b)    the dates such person was involved in the case;

(c)    whether any documents exist which would illustrate the fact that such services were performed by the individual identified; and

(d)    if such documents exist, please describe them in detail by identifying the author of the documents, to whom the document was sent, the date of the document and a brief description of the document's contents.

**ANSWER:**

4

**INTERROGATORY NO. 4**:        Please state each date Safeco offered any amount to the plaintiffs for their damages under the UIM coverage, the amount offered, who made the determination of the amount to offer the plaintiffs, and upon what information the determination was made.  Identify any and all documents and items evincing your response.

**ANSWER:**


**INTERROGATORY NO. 5**:        Please state the dollar figure of the amount of any reserve starting with the first reserve established regarding the claims of Ms. Younger asserted as a result of the subject collision.  For such reserve, please state:

      (a)    the date it was first established;

      (b)    the individuals at Safeco who participated in the decision regarding the level at which the reserve should be established;

      (c)    whom established the reserve

      (d)    whether any documents exist which indicate the amount of reserve established; and

      (e)    if such documents exist, please describe them in detail and state who has custody of them.

**ANSWER:**


**INTERROGATORY NO. 6**:        Please state if the initial reserve as described in response to the above interrogatory was ever changed.  If so, please identify:

      (a)    when the reserve changed;

      (b)    how it was changed (i.e. lower or higher and to what amount);

(c)    who anticipated in the decision to make the change;

(d)    why the change was made; and

(e)    whether any documents exist that indicate that a change was made and the reasons for making such change.

**ANSWER:**

**INTERROGATORY NO. 7**:    Please state whether or not Safeco has ever been sued for insurance bad faith (common law and statutory) and/or was the subject of an administrative complaint for an insurance regulation violation in the State of West Virginia in the past ten (10) years.  Identify any and all documents and items evincing your response.

**ANSWER:**

**INTERROGATORY NO. 8**:    If your answer to Interrogatory No. 7 is in the affirmative, for each instance please state:

(a)    the date the suit was filed;

(b)    the court where suit was filed;

(c)    the names of all parties to the suit;

(d)    the caption or style of the case; and

(e)    the names, addresses and telephone numbers of the attorneys representing the parties in each such case;

(f)    Identify any and all documents and items evincing the same.

**ANSWER:**

**INTERROGATORY NO. 9**:          Please state all the training of all claims personnel involved in making the decision as to when and how to pay the plaintiffs' claims for UIM benefits under the subject policy of auto insurance.  For each please include:

    (a)    the job qualifications for each level of claims personnel, including entry level qualification;

    (b)    education;

    (c)    on-the-job training;

    (d)    any specialized courses or classes in medicine or law; and

    (e)    Identify any and all documents and items evincing the same.

**ANSWER:**


**INTERROGATORY NO. 10**: Please identify all experts you intend to call at the trial of this matter and for each expert, identify, by style and date, each case in which the expert has testified, identify how many times you or your attorney have utilized this expert in a civil action, the compensation to be paid to the expert, the amount to compensation the expert has ever been paid by your attorney or members of his/her firm, the amount of money your expert has been paid by insurance companies and/or lawyers as expert fee over the last five (5) years and a summary of the expert's opinion.

**ANSWER:**


**INTERROGATORY NO. 11:** Please state whether you, any of your employees, your attorney, your agent, or anyone on your behalf has any photographs or motion pictures or plats, sketches, or drawings of the incident which is the subject of this lawsuit, or of any object or person

involved in the incident or any other objects relevant to this case.  If so, please describe each such item in detail.

>**ANSWER**:

**INTERROGATORY NO. 12**: Please state whether the policy of insurance issued to plaintiffs was ever amended, changed, or otherwise modified at any time since it was issued, and if so, the substance of such amendment, change, or modification; the date it became effective; the identity of each person who was involved in affecting it; and the nature of such involvement.  Identify any and all documents and items evincing the same.

>**ANSWER**:

**INTERROGATORY NO. 13**: Please state for each of the last five fiscal years, Safeco's (1) net worth, (2) gross assets, (3) net income or loss, and (4) net operating income or loss from the sale of policies similar to that which is the subject of plaintiff's action, and (5) all documentary evidence supporting each of these facts.

>**ANSWER**:

**INTERROGATORY NO. 14:**Please state if depositions have been taken of defendant insurer's agents, representatives or employees in bad faith actions within the last five (5) years. If so, please identify the names of the parties, where people have been deposed, state in which they were deposed, the relationship to the defendant insurance carrier, etc.  Identify any and all documents and items evincing the same.

**ANSWER**:

**INTERROGATORY NO. 15:**Please identify each and every claim presented by the plaintiffs for any loss under the subject policy or in reference to the subject motor vehicle collision and for each:

(a) identify the date the claim was presented and under what coverage the same was presented;

(b) provide a detailed summary of the claim and facts upon which the same was based;

(c) identify each and every individual who was in any manner involved in the handling of said claim;

(d) what each person did in regard to handling the claims of the Muttillos;

(e) the dates such person was involved in the case;

(f) the result of any such claims, including amount paid, if any;

(g) whether any documents exist which would illustrate the fact that such services were performed by the individual identified; and

(h) if such documents exist, please describe them in detail by identifying the author of the documents, to whom the document was sent, the date of the document and a brief description of the document's contents.

**ANSWER:**

**INTERROGATORY NO. 16:** Please identify all facts, documents, materials, items, witnesses or other evidence that you allege supports any contention and/or defense asserted by you in this matter.  Identify any and all documents and items evincing the same.

**ANSWER:**

**INTERROGATORY NO. 17:** Please identify all exhibit, real or demonstrative, you intend to offer at the trial of this matter and/or rely upon at any evidentiary hearing and/or to support any dispositive motion.   Identify any and all documents and items evincing the same.

**ANSWER:**

**INTERROGATORY NO. 18:** Please identify all witnesses you intend to call at the trial of this matter and/or rely upon at any evidentiary hearing and/or to support any dispositive motion by way of affidavit.   Identify any and all documents and items evincing the same.

**ANSWER:**

**INTERROGATORY NO. 19:** For each and every employee, agent, attorney and/or representative of yours who was in any manner involved in the handling of the plaintiff's UIM claims, please indicate their compensation structure, including whether the same receive individual and/or company performance-based pay and/or bonuses and/or lump sum payments. Identify any and all documents and items evincing the same.

**ANSWER:**

**INTERROGATORY NO. 20:** Identify each and every one of your policies and procedures applicable to the adjustment of UIM claims and/or which in any manner regard your handling of the plaintiff's claims. Identify whether the same have ever been reduced to written and whether the same have been amended and/or modified. Identify any and all documents and items that evince your response to the foregoing.

**ANSWER:**

**INTERROGATORY NO. 21:** Identify each and every violation of your policies and/or procedures applicable to the adjustment of UIM claims which you allege your agents, employees,

attorneys and/or representatives violated in reference to their handling of the plaintiffs' claims. Identify any and all documents and items that evince your response to the foregoing.

**ANSWER:**

**INTERROGATORY NO. 22:**    Identify any of your employees, agents, attorneys and/or representatives who were in any manner involved in the handling of the plaintiffs' claims were in any manner reprimanded, punished, discharged, and/or disciplined for their handling of the same. Identify any and all documents and items that evince your response to the foregoing.

**ANSWER:**

**INTERROGATORY NO. 23:**    Identify any and all internal communications, emails, texts, electronic communications, memoranda, and/or documents which evince any agency and/or internal protests and/or disagreements with your handling of the claims of the plaintiffs.    Identify any and all documents and items that evince your response to the foregoing.

**ANSWER:**

**INTERROGATORY NO. 24:**  Identify each and every act and/or omission done by your agents, employees, attorneys and/or representatives which you repudiate and/or have repudiated.  Identify any and all documents and items that evince your response to the foregoing.

**ANSWER:**

**INTERROGATORY NO. 25:** Identify the total amount of attorney's fees and litigation costs you expended in the defense of the plaintiff's UIM claims.  Identify any and all documents and items that evince your response to the foregoing.

**ANSWER:**


## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**                Please produce the entire claim file relative to the claims of Ms. Younger under the subject auto insurance policy for coverage benefits arising out of the subject incident, including, but certainly not limited to:

(a)    all correspondence between the defendant Safeco, its agents, adjusters or employees, and/or any employee agent or counsel for any person or persons in this case;

(b)    all correspondence between the defendant Safeco, its agents, adjusters or employees, and attorneys.

(c)    all correspondence between the defendant Safeco, its agents, adjusters or employees, and plaintiff's counsel and/or any members, employees, or agents working with them on the underlying case.

(d)    all documents relating to valuation and coverage calculation by the defendant Safeco, its agents, adjusters or employees of the above referenced claims;

(e)    all reports, memoranda, medical records or reports, papers, etc., relative to your investigation of the incident which is the subject matter of this investigation;

(f)    all documents which would evidence your attempts with either claimant, her attorneys, representatives or any other person action on behalf of the claimant, of resolving, settling, or adjusting the underlying claims;

    (g)     all documents which would evidence the recommendation made by either legal counsel for Safeco or any individual in a supervisory position to the adjuster, as to the amount that should be offered in an attempt to settle, resolve or adjust the underlying claim; and

    (h)     all time sheets, phone logs, memoranda, and any documents which would evidence what amount of time was expended in attempting to resolve the underlying claim and what efforts were taken by the defendant Safeco to resolve or adjust the underlying claim.

**RESPONSE:**


**REQUEST NO. 2:**        Please produce the entire claim file relative to the claims of Safeco under the subject auto insurance policy for coverage benefits arising out of any other incident, including, but not limited to:

    (a)     all correspondence between the defendant Safeco, its agents, adjusters or employees, and/or any employee agent or counsel for any person or persons in this case;

    (b)     all correspondence between the defendant Safeco, its agents, adjusters or employees, and/or attorneys.

    (c)     all correspondence between the defendant Safeco, its agents, adjusters or employees, and the plaintiffs and/or any members, employees, or agents working with them on said claim.

    (d)     all documents relating to valuation and coverage calculation by the defendant Safeco, its agents, adjusters or employees of the above referenced claims;

    (e)     all reports, memoranda, medical records or reports, papers, etc., relative to your investigation of any other claim;

(f)     all documents which would evidence your attempts with either the claimant, his attorneys, representatives or any other person action on behalf of the claimant, of resolving, settling, or adjusting any other claims;

(g)     all documents which would evidence the recommendation made by either legal counsel for Safeco or any individual in a supervisory position to the adjuster, as to the amount that should be offered in an attempt to settle, resolve or adjust any other claims; and

(h)     all time sheets, phone logs, memoranda, and any documents which would evidence what amount of time was expended in attempting to resolve the underlying claim and what efforts were taken by the defendant Safeco to resolve or adjust any other claims.

**RESPONSE:**


**REQUEST NO. 3:**     Please produce any and all records respecting grievances and/or complaints maintained by the defendant State Farm in compliance with **West Virginia Code §33-11-4(10)** relating to unfair claim settlement practices.

**RESPONSE:**


**REQUEST NO. 4**:     Please produce a copy of all documents and items referred to or relied upon by you in responding to any of the above Interrogatories.

**RESPONSE:**

**REQUEST NO. 5:**          Please produce a copy of any written, typed, videotaped, tape recorded or any other form of record of any comments or statements made by or on behalf of plaintiff or any witness.

**RESPONSE:**


**REQUEST NO. 6**:          Please identify any brochures, advertisement or other informational literature that was prepared by or on behalf of Safeco concerning the type of insurance policies issued to the plaintiffs.

**RESPONSE:**


**REQUEST NO. 7**:          Please produce Safeco's sales agents complete agent file involving the plaintiff.

**RESPONSE:**


**REQUEST NO. 8:**          Please produce all memos, notes, letters, and writings of any kind concerning plaintiff's policy or plaintiff's policy history.

**RESPONSE:**

**REQUEST NO. 9**:          Please produce any agent's or policyholder's protests or interoffice memos regarding the handling of plaintiff's claims or any claims under a policy similar to the one issued to plaintiff.

**RESPONSE**:

**REQUEST NO. 10**:          Please produce a complete copy of any and all underwriting files for the plaintiff's policies.

**RESPONSE**:

**REQUEST NO. 11**:          Please provide a copy of your latest financial statement and/or operating profit and loss statement for the most recent fiscal year.

**RESPONSE**:

**REQUEST NO. 12**:          Please provide a copy of the claims file maintained by your underlying counsel.

**RESPONSE**:

17

**REQUEST NO. 13:**        Please provide a complete copy of the policy of insurance at issue in this case.

**RESPONSE:**

**REQUEST NO. 14:**    Please provide a complete copy of any insurance policy, including declarations page, that may in any manner provide you with coverage for any of the allegations set forth in the plaintiffs' Complaint.

**RESPONSE:**

**REQUEST NO. 15:**        Please provide a complete copy of any and all of your policies and procedures applicable to the handling of UIM claims similar to the plaintiff's.

**RESPONSE:**

**REQUEST NO. 16:**        Please produce a copy of each and every exhibit, real or demonstrative, you intend to offer at the trial of this matter and/or rely upon at any evidentiary hearing and/or to support any dispositive motion.

**RESPONSE:**

Respectfully Submitted,
VERA JEAN YOUNGER, Plaintiff,

BY:

JOHN R. ANGOTTI, ESQUIRE (#5068)
DAVID J. STRAFACE, ESQUIRE (#3634)
CHAD C. GROOME, ESQUIRE (#9810)
ANGOTTI & STRAFACE, LC
274 Spruce Street
Morgantown, WV 26505
Phone: (304) 292-4381
Facsimile: (304) 292-7775
*Of Counsel for Plaintiff, Vera Jean Younger*

19

# CIVIL CASE INFORMATION STATEMENT

In the Circuit Court of __Monongalia__ County, West Virginia

I.    CASE STYLE:                                    Case # 20-C-27

                                                     Judge Scudiere

**Plaintiff(s)**

VERA JEAN YOUNGER,

              PLAINTIFF,

Vs.

**Defendant(s)**

|  | **DAYS TO ANSWER** | **TYPE OF SERVICE** |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA % CORPORATION SERVICE COMPANY 209 W. WASHINGTON STREET CHARLESTON, WV 25302 | 30 | SECRETARY OF SERVICE |

**FILED**

MAR 1 2 2020

JEAN FRIEND, CLERK

Original and _____ copies of complaint furnished herewith.

| PLAINTIFF: VERA JEAN YOUNGER<br>DEFENDANT(S): SAFECO INSURANCE COMPANY OF AMERICA | CASE NUMBER:<br>20-C-27 |
|---|---|

II.    TYPE OF CASE:

| TORTS | OTHER    CIVIL | |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional Malpractice | ☒ Contract | ☐ Petition for Modification of<br>Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☐ Other |
| ☒ Other Tort | ☐ Appeal of Administrative Agency | ☐ |

III.    JURY DEMAND:    ☒ Yes ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR) ___4/2021___

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE   ☐ YES   ☐ NO

IF YES, PLEASE SPECIFY:

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other:_____

Attorney Name: JOHN R. ANGOTTI
            WV STATE BAR #5068
            DAVID J. STAFACE
            WV STATE BAR #3634
            CHAD C. GROOME
            WV STATE BAR #9810                        Representing:
Firm:        ANGOTTI & STRAFACE, L.C.;        X Plaintiff   ☐ Defendant
Address:    274 SPRUCE STREET, MORGANTOWN, WV 26505
Telephone:  (304) 292-4381

DATE: ___3/12/2020___

_____
            Signature

☐ Pro Se

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Jean Friend
Monongalia County Courthouse
75 HIGH STREET, SUITE 12
Morgantown, WV 26505-5427

| | | | |
|---|---|---|---|
| **Control Number:** 255825 | | **Agent:** | Corporation Service Company |
| **Defendant:** SAFECO INSURANCE COMPANY OF AMERICA | | **County:** | Monongalia |
| 209 West Washington Street | | **Civil Action:** | 20-C-27 |
| Charleston, WV 25302 US | | **Certified Number:** | 92148901125134100002690585 |
| | | **Service Date:** | 3/16/2020 |

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

FILED

MAR 1 9 2020

JEAN FRIEND, CLERK



**SUMMONS**

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**VERA JEAN YOUNGER**

**PLAINTIFF(S),**

VS.                                        CIVIL ACTION NO.  20-C-27

**SAFECO INSURANCE COMPANY OF AMERICA**
c/o Corporation Service Company
**209 W Washington Street**
**Charleston WV  25302**

**DEFENDANT(S).**

To the above-name Defendants:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve **JOHN R. ANGOTTI, DAVID J. STRAFACE AND CHAD A. GROOME,** whose address is **274 Spruce Street, Morgantown WV  26505** an answer including any related counterclaim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled action.

DATED: **MARCH 12, 2020**

*Jean Friend*

JEAN FRIEND, CLERK
MONONGALIA CO. CIRCUIT COURT

BY *Susan Trowbridge*

DEPUTY CLERK

# FOR RETURN

**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

VERA JEAN YOUNGER,                                         :
                                                          :
      Plaintiff,                                        :
                                                          :
v.                                                        :        Civil Action No. 20-C-27
                                                          :
SAFECO INSURANCE COMPANY OF                               :        Judge Debra Scudiere
AMERICA,                                                  :
                                                          :
      Defendant.                                        :

## NOTICE OF FILING NOTICE OF REMOVAL

Now comes Safeco Insurance Company of America, by and through counsel, and gives

notice that pursuant to 28 U.S.C. § 1441 and § 1446, a Notice of Removal has been filed with the

Clerk of Courts of the United States District Court for the Northern District of West Virginia.  A

copy of the Notice of Removal is attached as Exhibit A.  Accordingly, no further proceedings

should be had on this matter in this Court.

Respectfully Submitted,

William M. Harter (W.Va. Bar No. 7977)
Frost Brown Todd LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
(614) 464-1211 / (614) 464-1737 (fax)
wharter@fbtlaw.com

Elise N. McQuain (WVSB #12253)
FROST BROWN TODD LLC
500 Virginia Street, East, Suite 1100
Charleston, WV 25301
emcquain@fbtlaw.com

*Attorneys for Safeco Insurance Company of America*

FILED

APR 16 2020

JEAN FRIEND, CLERK

- 1 -

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

YOUNGER,                                          :
                                                  :
     Plaintiff,                           :
                                                  :
v.                                                :          Civil Action No. 20-C-27
                                                  :
SAFECO INSURANCE COMPANY OF                       :
AMERICA,                                          :
                                                  :
     Defendant.                           :

### CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was served via U.S. mail, postage prepaid, this 14th day of April 2020, on:

John Angotti
David Straface
Chad Groome
Angotti & Straface, LC
274 Spruce Street
Morgantown, WV 26505
*Attorneys for Plaintiff*

Respectfully Submitted,

William M. Harter (W.Va. Bar No. 7977)
Frost Brown Todd LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
(614) 464-1211 / (614) 464-1737 (fax)
wharter@fbtlaw.com

Elise N. McQuain (WVSB #12253)
FROST BROWN TODD LLC
500 Virginia Street, East, Suite 1100
Charleston, WV 25301
emcquain@fbtlaw.com
*Attorneys for Safeco Insurance Company of America*

0000T69.0200955  4833-5350-7512v1



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

|  |  |  |
|---|---|---|
| VERA JEAN YOUNGER, | : |  |
|  | : | Case No. |
| Plaintiff, | : |  |
|  | : | Judge |
| v. | : |  |
|  | : |  |
| SAFECO INSURANCE COMPANY OF | : |  |
| AMERICA, | : |  |
|  | : |  |
| Defendant. | : |  |

## NOTICE OF REMOVAL

Now comes Safeco Insurance Company of America, ("Safeco"), by and through counsel, and for its Notice of Removal of this action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia states:

1.     Vera Jean Younger ("Plaintiff") filed suit in the Circuit Court of Monongalia County, West Virginia in Civil Action No. 20-C-27 on or about March 16, 2020.  Plaintiff's Complaint alleges causes of action against Safeco for first-party common law insurance bad faith, violation of the UTPA/statutory first-party bad faith, tort of outrage, negligence, action for *Hayseeds/Saseen* damages, compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, attorney fees, and costs.

2.     Safeco was served with Plaintiff's Complaint, not more than 30 days ago, on March 16, 2020.

3.     This Court has original jurisdiction over this type of action pursuant to 28 U.S.C. § 1332(a)(1), and Safeco may therefore remove this action to this Court pursuant to 28 U.S.C. §1441(a), for:

    a.   Complete diversity of citizenship exists between Plaintiff, who resides in West Virginia, and Safeco, which is incorporated in and maintains its principal place of business in Massachusetts; and

    b.   Safeco believes the judgment against it if Plaintiff prevails on the merits of the case as presented in the Complaint <u>could</u> exceed $75,000, exclusive of costs and interest, given that Plaintiff seeks to recover: (i) compensatory damages for separate claims of first-party common law insurance bad faith, violation of the UTPA/statutory first-party bad faith, outrage, negligence, and *Hayseeds/Saseen* damages; (ii) punitive damages; (iii) attorney's fees; (iv) costs; and (v) pre- and post-judgment interest.

4.    This action has been pending less than a year.

5.    As required by 28 U.S.C. § 1446(a), Safeco is attaching as "Exhibit A" a copy of each process, pleading and order it has received.

6.    No party other than Safeco is currently a defendant in the case, so no other party needs to consent to the removal of this action.

Respectfully Submitted,


  */s/ William M. Harter*
William M. Harter (W.Va. Bar No. 7977)
Frost Brown Todd LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
(614) 464-1211 / (614) 464-1737 (fax)
wharter@fbtlaw.com

Elise N. McQuain (WVSB #12253)
FROST BROWN TODD LLC
500 Virginia Street, East, Suite 1100
Charleston, WV 25301
emcquain@fbtlaw.com

*Attorneys for Safeco Insurance Company of America*

2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA

VERA JEAN YOUNGER,                      :
                                        :
      Plaintiff,                      :      Case No.
                                        :
                                        :      Judge
v.                                      :
                                        :
SAFECO INSURANCE COMPANY OF             :
AMERICA,                                :
                                        :
      Defendant.                      :

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was served via U.S. mail, postage prepaid, this

14th day of April 2020, on:

John Angotti
David Straface
Chad Groome
Angotti & Straface, LC
274 Spruce Street
Morgantown, WV 26505
*Attorneys for Plaintiff*

               */s/ William M. Harter*
               William M. Harter (W.Va. Bar No. 7977)
               Frost Brown Todd LLC
               10 West Broad Street, Suite 2300
               Columbus, Ohio 43215
               (614) 464-1211 / (614) 464-1737 (fax)
               wharter@fbtlaw.com

               Elise N. McQuain (WVSB #12253)
               FROST BROWN TODD LLC
               500 Virginia Street, East, Suite 1100
               Charleston, WV 25301
               emcquain@fbtlaw.com

               *Attorneys for Safeco Insurance Company of America*

0000T69.0731172  4838-4004-6776v1

03-23-20;12:04PM;Circuit Clerk                    ;3042917273                    #  1/  1

EXHIBIT A

CASE#:   **20-C-27**                                    Sub Code:

JUDGE:   DEBRA SCUDIERE

                                                        Date Opened:  01/30/2020
                                                        Date Printed:  03/23/2020

Plaintiff:   **VERA J. YOUNGER**

vs
Defendant:   **SAFECO INSURANCE COMPANY OF AMERICA**

Pro Attorney:  JOHN R. ANGOTTI

Def Attorney:

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 1 | 01/30/2020 | Complaint and Pl's 1st Set of Interr. & Req. for Prod. | | 200.00 | 200.00 | .00 |
| 2 | 01/30/2020 | Process held per atty. | | .00 | .00 | .00 |
| 3 | 03/12/2020 | *Answer and Defenses to Pl's Complaint (Maria N. Presley) | | .00 | .00 | .00 |
| 4 | 03/19/2020 | S/S accepted service on behalf of Safeco Ins. Co. of America on | | .00 | .00 | .00 |
| 5 | 03/19/2020 | 3/16/20 | | .00 | .00 | .00 |
| | | **Totals** | | **200.00** | **200.00** | **.00** |

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0002 6905 85

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

SAFECO INSURANCE COMPANY OF AMERICA
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

| | | | |
|---|---|---|---|
| **Control Number:** 255825 | | **Agent:** Corporation Service Company | |
| **Defendant:** SAFECO INSURANCE COMPANY OF AMERICA<br>209 West Washington Street<br>Charleston, WV 25302 US | | **County:** Monongalia | |
| | | **Civil Action:** 20-C-27 | |
| | | **Certified Number:** 92148901125134100002690585 | |
| | | **Service Date:** 3/16/2020 | |

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

**VERA JEAN YOUNGER,**

        **PLAINTIFF,**

**VS.**                                **CIVIL CASE NO.** <u>20-C-27</u>

**SAFECO INSURANCE COMPANY OF**
**AMERICA,**                       **<u>INTERROGATORIES AND REQUESTS</u>**
                                      **<u>FOR PRODUCTION SERVED WITH</u>**
        **DEFENDANT.**             **<u>SUMMONS AND COMPLAINT</u>**

**<u>COMPLAINT</u>**

      NOW COMES, the plaintiff, Vera Jean Younger, by and through her counsel, John Angotti, David J. Straface, Chad C. Groome and Angotti & Straface, L.C., and for her Complaint against the defendant, Safeco Insurance Company of America, hereby alleges as follows:

**<u>PARTIES AND JURISDICTION</u>**

1. The plaintiff, Vera Jean Younger, is a resident of Morgantown, Monongalia County, West Virginia.

2. Upon information and belief, the defendant, Safeco Insurance Company of America, is a foreign corporation licensed to conduct insurance business in the State of West Virginia, which does engaging in substantial insurance business in the State of West Virginia, which has a principle place of business of 62 Maple Avenue, Keene, New Hampshire 03431, and which has a service of process address registered with the West Virginia Secretary of State of c/o Corporation Service Company, 209 W. Washington Street, Charleston, West Virginia 25302.

1

10. The plaintiff, Vera Jean Younger, trusted that the defendant, Safeco Insurance Company of America, would provide her, in consideration for the payment of valuable insurance premiums, with coverage for her injuries and damages left underinsured by negligent motorists who were without sufficient insurance coverage to fully compensate her.

11. On or about June 29, 2016, Allstate Insurance Company, offered to the plaintiff, Vera Jean Younger, the tortfeasor's available liability policy limit of Twenty Thousand Dollars ($20,000.00) to settle her claims against Ms. Hart.

12. The plaintiff, Vera Jean Younger, would not be made whole by this settlement.  As such, she intended to utilize the UIM coverage she purchased from defendant, Safeco Insurance Company of America, to protect her.

13. The plaintiff, Vera Jean Younger, by counsel, obtained contacted defendant, Safeco Insurance Company of America, notified it of the foregoing settlement offer, of her intent to accept it, and of her intention to pursue a claim under her UIM coverage.  The plaintiff, Vera Jean Younger, also sought consent to settle and a waiver of subrogation from the defendant, Safeco Insurance Company of America, allowing her to accept the tortfeasor's offer and proceed against the UIM coverage.

14. On or about July 12, 2016, the defendant, Safeco Insurance Company of America, provided the plaintiff, Vera Jean Younger, with consent to settle and a waiver of subrogation.

15. Accordingly, the plaintiff, Vera Jean Younger, finalized the settlement with the tortfeasor.

demand against defendant, Safeco Insurance Company of America.   Ms. Younger's policy limits demands were supported by competent medical evidence.

23. Attached to the December 19, 2016 demand was a medical report issued by the plaintiff Vera Jean Younger's treating physician, Dr. Emmanuel Munoz, M.D.

24. Therein, Dr. Emmanuel Munoz, M.D. opined that its insured and plaintiff, Vera Jean Younger, suffered from cervical, thoracic and lumbar muscle strain/sprains from the May 21, 2015 motor vehicle collision, with pain, limited range of motion, and loss of function.

25. In the aforementioned report, Dr. Emmanuel Munoz, M.D. further opined that, to a reasonable degree of medical certainty, the insured plaintiff, Vera Jean Younger, would continue to require treatment for her injuries received in the collision and that he considered the same to be permanent.

26. In the aforementioned report, Dr. Emmanuel Munoz, M.D. further opined that, due to plaintiff Vera Jean Younger's residual effects of the damage to her tendons, ligaments, muscles and spinal components, she continues to suffer problems.  He reasoned that, in order to give its insured and plaintiff, Vera Jean Younger, sufficient and effective supportive care and to keep her at her current level of functionality, Ms. Younger should be on a treatment plan of physical therapy one time a week indefinitely at a cost of between Two Hundred Fifty-Eight and Three Hundred Fifty Dollars ($258.00 - $350.00).

27. The foregoing report(s) of Dr. Emmanuel Munoz, M.D., provided to defendant, Safeco Insurance Company of America, established that the plaintiff, Vera Jean Younger, was medically diagnosed as suffering from permanent injuries secondary

defendant, Safeco Insurance Company of America, in the name of the settling tortfeasor, Tina Louise Hart.

33. On March 28, 2017, after suit had been filed, Safeco Insurance Company of America increased its offer to the plaintiff, Vera Jean Younger, under her UIM coverage from Five Hundred Dollars ($500.00) to a second low-ball offer of Ten Thousand Dollars ($10,000.00).   Defendant, Safeco Insurance Company of America's offer was unreasonable in light of the plaintiff's injuries and damages.

34. At the time the Ten Thousand Dollar ($10,000.00) low-ball offer was made by defendant, Safeco Insurance Company of America, there had been no substantial change in the information concerning the plaintiff's treatment or conditions caused by the collision.   Instead, the Ten Thousand Dollar ($10,000.00) offer made to the plaintiff, Vera Jean Younger, by the defendant, Safeco Insurance Company of America, was only made because the plaintiff, Vera Jean Younger, instituted the underlying lawsuit.

35. On or about May 16, 2018, a mediation was held in the underlying UIM case matter.  At mediation, the defendant, Safeco Insurance Company of America, did not negotiate in good faith and only renewed its low-ball UIM offer of Ten Thousand Dollars ($10,000.00) to the plaintiff, Vera Jean Younger.   Defendant, Safeco Insurance Company of America's decision to stand by its previous low-ball offer(s) was unreasonable in light of the plaintiff's injuries, damages, and information available to it.

7

Munoz's absence to its tactical advantage in an effort to exclude his opinions from the trial of plaintiff Vera Jean Younger's underlying claims.

42. Despite the efforts of defendant, Safeco Insurance Company of America, the Court in the underlying case permitted the plaintiff, Vera Jean Younger, an opportunity to secure a new expert witness due to Dr. Emmanuel Munoz, M.D.'s absence.

43. In response to the same, the plaintiff, Vera Jean Younger, secured the services of a retained expert, Dr. Bruce A. Guberman, M.D., who examined the plaintiff and opined that she suffered from chronic posttraumatic strain of the cervical and lumbrosacral spine solely caused by the May 21, 2015 motor vehicle collision.

44. Dr. Bruce A. Guberman, M.D., further opined that plaintiff Vera Jean Younger's treatment from the motor vehicle collision was reasonable and necessary for her conditions caused by the same; that she reached maximum medical improvement and that her symptoms may progressively get worse; that her injuries were permanent in nature; and that Ms. Younger was reasonably certain to need future medical treatment.

45. For all intents and purposes, Dr. Bruce A. Guberman, M.D.'s opinions were substantially similar to those already posited by Dr. Emmanuel Munoz, M.D.  As such, he was simply reiterating what defendant, Safeco Insurance Company of America, had known since at least December of 2016.

46. The plaintiff, Vera Jean Younger, also secured the services of expert witness, Cathy Gross, MS, CRC, LPC, CLCP, who opined that, based upon the reports of Dr. Emmanuel Munoz, M.D. and Dr. Bruce A. Guberman, M.D., Ms. Younger's future medical costs would be between Two Hundred Fifty-Six Thousand Eleven

would be Seventy-Five Thousand Dollars ($75,000.00).   This offer only came to plaintiff, Vera Jean Younger, after years of litigation with her insurer, defendant, Safeco Insurance Company of America.

52. The plaintiff, Vera Jean Younger, exhausted by the years of annoyance and inconvenience caused to her by defendant, Safeco Insurance Company of America, agreed to accept the Seventy-Five Thousand Dollar ($75,000.00) offer to resolve her UIM claim to bring this matter to a prompt conclusion and to avoid further substantial additional litigation expenses that she would incur by completing the depositions and proceeding to trial, costs she estimated to be around Fifteen Thousand Dollars ($15,000.00).

53. Defendant, Safeco Insurance Company of America, forced the plaintiff, Vera Jean Younger, to file suit and engage in years of unnecessary and costly litigation in order to make a recovery under her insurance contract for UIM benefits and receive the benefit of her contractual bargain with the defendant.

54. Defendant, Safeco Insurance Company of America, engaged in gamesmanship toward its insured, plaintiff, Vera Jean Younger, and puts its interests ahead of her own by ignoring pertinent claims information regarding the opinions of her treating physicians, expert witnesses, and needs for future treatment.  Defendant, Safeco Insurance Company of America, also attempted to use Dr. Emmanuel Munoz, M.D.'s retirement to its advantage, forcing the plaintiff to seek the delay of her trial and incur the costs of obtaining new experts to make up for Dr. Munoz's absence, just so those experts could reiterate opinions similar to those that Dr. Munoz had previously espoused and which were long known to the defendant.

6. The defendant, Safeco Insurance Company of America, breached its contractual duties to the plaintiff, Vera Jean Younger, under the subject insurance contract and did further breach the covenant of good faith and fair dealing owed toward the plaintiff.

7. The defendant, Safeco Insurance Company of America, unfairly and unlawfully delayed, denied, and defended plaintiff Vera Jean Younger's UIM claim when it was reasonably clear from the available information that the same was payable under policy and clearly revealed that the defendants' low-ball offers were grossly inadequate and objectively unreasonable.

8. The defendant, Safeco Insurance Company of America, placed its interests ahead of its own insured, plaintiff, Vera Jean Younger, with respect to her UIM claim and looked for any reason to delay and/or deny the same.

9. The delay, denial, and/or defense of plaintiff Vera Jean Younger's UIM claim by defendant, Safeco Insurance Company of America, was/were done intentionally, maliciously, willfully, wantonly, and with criminal disregard to the civil rights of the plaintiffs.

10. As a direct and proximate result of defendant Safeco Insurance Company of America's breach of the covenant of good faith and fair dealing and bad faith conduct toward the plaintiff, Vera Jean Younger, the plaintiff, Vera Jean Younger, suffered damages including, but not limited to consequential losses, economic losses, severe mental anguish and/or emotional distress, annoyance, inconvenience, attorney's fees, litigation costs, loss of interest, and other special and/or general damages for which she should be compensated.

    d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    e. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

    f. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered;

    g. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

    h. Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

    i. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

    j. Other acts and/or omissions hereinafter discovered.

14. The acts and/or omissions of the defendant, Safeco Insurance Company of America, were done in violation of one or more regulations of the West Virginia Insurance Commissioner.

15. The acts and/or omissions of the defendant, Safeco Insurance Company of America, surrounding the subject UIM claim and/or other claims were and/or are

## Count III

### Tort of Outrage

19. The plaintiff, Vera Jean Younger, incorporates by reference as if fully set forth herein all paragraphs of the Complaint to the extent consistent with the below allegations.

20. The conduct of the defendant, Safeco Insurance Company of America, was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

21. The defendant, Safeco Insurance Company of America, acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from their conduct.

22. The actions of the defendant, Safeco Insurance Company of America, caused the plaintiff, Vera Jean Younger, to suffer emotional distress.

23. The emotional distress suffered by the plaintiff, Vera Jean Younger, was so severe that no reasonable person could be expected to endure it.

24. The acts and/or omissions of the defendant, Safeco Insurance Company of America, did cause the plaintiff, Vera Jean Younger, consequential losses, economic losses, severe mental anguish and/or emotional distress, annoyance, inconvenience, attorney's fees, litigation costs, loss of interest, and other special and/or general damages for which she should be compensated.

25. The aforementioned damages suffered by the plaintiff, Vera Jean Younger, were the result of the conduct that was carried out by the defendant, Safeco Insurance Company of America, with actual malice toward the plaintiff and/or a conscious,

Company of America, with actual malice toward the plaintiff and/or a conscious, reckless and outrageous indifference to the health, safety and welfare of others, including the plaintiff. As such, an award of punitive damages is proper to punish the defendant, Safeco Insurance Company of America, for its conduct and/or dissuade the defendant and others similarly situated from engaging in similar conduct in the future.

## Count V

### Action for *Hayseeds/Saseen* Damages

31. The plaintiff, Vera Jean Younger, incorporates by reference as if fully set forth herein all paragraphs of the Complaint to the extent consistent with the below allegations.

32. West Virginia law clearly provides first-party insureds with an award of consequential losses when they "substantially prevail" in litigation against their insurers.

33. This principle was first expressed at **Syl. Pt. 1, Hayseeds, Inc. v. State Farm Fire & Cas.**, **177 W. Va. 323, 324, 352 S.E.2d 73, 74 (1986),** *holding modified by* **Miller v. Fluharty**, **201 W. Va. 685, 500 S.E.2d 310 (1997)**, wherein the West Virginia Supreme Court of Appeals held that "[w]henever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience."

19

36. The application of the **Saseen** doctrine was further clarified at **Syl. Pt. 2, Miller v. Fluharty, 201 W. Va. 685, 688–89, 500 S.E.2d 310, 313–14 (1997)** wherein the Court held that "'[a]n insured 'substantially prevails' in a property damage action against his or her insurer when the action is settled for an amount equal to or approximating the amount claimed by the insured immediately prior to the commencement of the action, as well as when the action is concluded by a jury verdict for such an amount. In either of these situations the insured is entitled to recover reasonable attorney's fees from his or her insurer, as long as the attorney's services were necessary to obtain payment of the insurance proceeds.' Syllabus Point 1, *Jordan v. National Grange Mut. Ins. Co.,* 183 W.Va. 9, 393 S.E.2d 647 (1990)."

37. The Court stated further that "[a]n insurance carrier has a duty, once a first-party policyholder has submitted proof of a loss, to promptly conduct a reasonable investigation of the policyholder's loss based upon all available information. On the basis of that investigation, if liability to the policyholder has become reasonably clear, the insurance carrier must make a prompt, fair and equitable settlement offer. If the circuit court finds evidence that the insurance carrier has failed to properly or promptly investigate the policyholder's claim, then the circuit court may consider that evidence in determining whether the policyholder has substantially prevailed in an action to enforce the insurance contract." **Syl. Pt. 3, Id.**

38. "When examining whether a policyholder has substantially prevailed against an insurance carrier, a court should look at the negotiations as a whole from the time of the insured event to the final payment of the insurance proceeds. If the

of compelling his insurer to honor its contractual obligation is effectively to deny him the benefit of his bargain." **Hayseeds at 329, 352 S.E.2d at 79–80**.

42. In the underlying case, the Circuit Court found that the plaintiff, Vera Jean Younger, "substantially prevailed" against the defendant, Safeco Insurance Company of America, in their underlying UIM claim.

43. To that extent, the plaintiff, Vera Jean Younger, should be awarded any consequential losses she was not compensated with or for in the underlying matter and which she may be entitled to having "substantially prevailed" against the defendant, Safeco Insurance Company of America, and/or pursuant to the **Hayseeds/Saseen**.

44. The aforementioned conduct of the defendant, Safeco Insurance Company of America, was done with actual malice toward the plaintiff, Vera Jean Younger, and/or a conscious, reckless and outrageous indifference to the health, safety and welfare of others, including the plaintiff. As such, an award of punitive damages is proper to punish the defendant, Safeco Insurance Company of America, for its conduct and/or dissuade the defendant and others similarly situated from engaging in similar conduct in the future.

**WHEREFORE**, the plaintiff, Vera Jean Younger, by and through her counsel, respectfully demands judgment be entered against the defendant, Safeco Insurance Company of America, for compensatory damages in excess of the jurisdictional threshold of the Court in an amount sufficient to make her whole, for punitive damages in excess of the jurisdictional threshold of the Court in an amount sufficient to punish the defendant or deter it and others from acting similarly in the future, for attorney's fees and costs where

23

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

VERA JEAN YOUNGER,

        PLAINTIFF,

VS.                                    CIVIL CASE NO. __20-C-27._____

SAFECO INSURANCE COMPANY OF
AMERICA,

        DEFENDANT.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND ITEMS TO DEFENDANT, SAFECO INSURANCE COMPANY OF AMERICA

        Pursuant to the provision of Rules 33 and 34 of the West Virginia Rules of Civil Procedure, Plaintiff, by counsel, hereby requests the defendant, Safeco Insurance Company of America (hereinafter sometimes referred to as "Safeco"), to answer and respond separately, in writing and under oath, to the following interrogatories and requests for production and to produce the following documents and things or copies thereof.  Service of defendant's answers and a true copy of each and every document or object requested may be made upon the undersigned by depositing its answers and a true copy of each and every document or object requested in the U.S. Mail, postage prepaid, to Angotti & Straface, L.C., 274 Spruce Street, Morgantown, West Virginia 26505, or by delivering the same at such other place as may be agreed upon by the parties, within thirty (30) days of service of the same upon you.

## INSTRUCTIONS

        1.  The below interrogatories are deemed to be continuing so as to require the filing of supplemental answers promptly in the event that the defendant or defendant's representatives,

      b.    particularize as to

          (i)    time

          (ii)   place

          (iii)  manner

3.    The word "identify" as used in connection with a person or persons means to state the name, title and present address of such person or persons.

4.    The word "identify" as applied to any document means to state the following:

      a.    its date;

      b.    the identity of its author;

      c.    the identity of its sender;

      d.    the identity of the person to whom it was addressed;

      e.    the identity of the recipient;

      f.    the format;

      g.    the title;

      h.    the number of pages; and,

      i.    the identity of the persons known or believed to have possession, custody or access to the documents.

5.    The word "document" shall mean any written, printed, typed or other graphic matter of any kind or nature, including but not limited to agreements, notes, memorandum, agenda, calendar entries, correspondence and financial records, and all mechanical and electronic sound recordings or transcripts thereof in the possession and/or control of the defendant or agents of the defendant or known by the defendant to exist.

6.    Where appropriate, the singular means the plural and the plural means the singular.

3

**INTERROGATORY NO. 4**:          Please state each date Safeco offered any amount to the plaintiffs for their damages under the UIM coverage, the amount offered, who made the determination of the amount to offer the plaintiffs, and upon what information the determination was made.  Identify any and all documents and items evincing your response.

**ANSWER:**


**INTERROGATORY NO. 5**:          Please state the dollar figure of the amount of any reserve starting with the first reserve established regarding the claims of Ms. Younger asserted as a result of the subject collision.  For such reserve, please state:

    (a)    the date it was first established;

    (b)    the individuals at Safeco who participated in the decision regarding the level at which the reserve should be established;

    (c)    whom established the reserve

    (d)    whether any documents exist which indicate the amount of reserve established; and

    (e)    if such documents exist, please describe them in detail and state who has custody of them.

**ANSWER:**


**INTERROGATORY NO. 6**:          Please state if the initial reserve as described in response to the above interrogatory was ever changed.  If so, please identify:

    (a)    when the reserve changed;

    (b)    how it was changed (i.e. lower or higher and to what amount);

**INTERROGATORY NO. 9:**    Please state all the training of all claims personnel involved in making the decision as to when and how to pay the plaintiffs' claims for UIM benefits under the subject policy of auto insurance.  For each please include:

(a)    the job qualifications for each level of claims personnel, including entry level qualification;

(b)    education;

(c)    on-the-job training;

(d)    any specialized courses or classes in medicine or law; and

(e)    Identify any and all documents and items evincing the same.

**ANSWER:**



**INTERROGATORY NO. 10:** Please identify all experts you intend to call at the trial of this matter and for each expert, identify, by style and date, each case in which the expert has testified, identify how many times you or your attorney have utilized this expert in a civil action, the compensation to be paid to the expert, the amount to compensation the expert has ever been paid by your attorney or members of his/her firm, the amount of money your expert has been paid by insurance companies and/or lawyers as expert fee over the last five (5) years and a summary of the expert's opinion.

**ANSWER:**



**INTERROGATORY NO. 11:** Please state whether you, any of your employees, your attorney, your agent, or anyone on your behalf has any photographs or motion pictures or plats, sketches, or drawings of the incident which is the subject of this lawsuit, or of any object or person

<u>INTERROGATORY NO. 14:</u> Please state if depositions have been taken of defendant insurer's agents, representatives or employees in bad faith actions within the last five (5) years. If so, please identify the names of the parties, where people have been deposed, state in which they were deposed, the relationship to the defendant insurance carrier, etc. Identify any and all documents and items evincing the same.

<u>ANSWER:</u>

<u>INTERROGATORY NO. 15:</u> Please identify each and every claim presented by the plaintiffs for any loss under the subject policy or in reference to the subject motor vehicle collision and for each:

(a) identify the date the claim was presented and under what coverage the same was presented;

(b) provide a detailed summary of the claim and facts upon which the same was based;

(c) identify each and every individual who was in any manner involved in the handling of said claim;

(d) what each person did in regard to handling the claims of the Muttillos;

(e) the dates such person was involved in the case;

(f) the result of any such claims, including amount paid, if any;

(g) whether any documents exist which would illustrate the fact that such services were performed by the individual identified; and

9

**ANSWER:**

**INTERROGATORY NO. 19:** For each and every employee, agent, attorney and/or representative of yours who was in any manner involved in the handling of the plaintiff's UIM claims, please indicate their compensation structure, including whether the same receive individual and/or company performance-based pay and/or bonuses and/or lump sum payments. Identify any and all documents and items evincing the same.

**ANSWER:**

**INTERROGATORY NO. 20:** Identify each and every one of your policies and procedures applicable to the adjustment of UIM claims and/or which in any manner regard your handling of the plaintiff's claims. Identify whether the same have ever been reduced to written and whether the same have been amended and/or modified. Identify any and all documents and items that evince your response to the foregoing.

**ANSWER:**

**INTERROGATORY NO. 21:** Identify each and every violation of your policies and/or procedures applicable to the adjustment of UIM claims which you allege your agents, employees,

**INTERROGATORY NO. 25:** Identify the total amount of attorney's fees and litigation costs you expended in the defense of the plaintiff's UIM claims. Identify any and all documents and items that evince your response to the foregoing.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**        Please produce the entire claim file relative to the claims of Ms. Younger under the subject auto insurance policy for coverage benefits arising out of the subject incident, including, but certainly not limited to:

(a)    all correspondence between the defendant Safeco, its agents, adjusters or employees, and/or any employee agent or counsel for any person or persons in this case;

(b)    all correspondence between the defendant Safeco, its agents, adjusters or employees, and attorneys.

(c)    all correspondence between the defendant Safeco, its agents, adjusters or employees, and plaintiff's counsel and/or any members, employees, or agents working with them on the underlying case.

(d)    all documents relating to valuation and coverage calculation by the defendant Safeco, its agents, adjusters or employees of the above referenced claims;

(e)    all reports, memoranda, medical records or reports, papers, etc., relative to your investigation of the incident which is the subject matter of this investigation;

(f)    all documents which would evidence your attempts with either claimant, her attorneys, representatives or any other person action on behalf of the claimant, of resolving, settling, or adjusting the underlying claims;

13

(f)    all documents which would evidence your attempts with either the claimant, his attorneys, representatives or any other person action on behalf of the claimant, of resolving, settling, or adjusting any other claims;

(g)    all documents which would evidence the recommendation made by either legal counsel for Safeco or any individual in a supervisory position to the adjuster, as to the amount that should be offered in an attempt to settle, resolve or adjust any other claims; and

(h)    all time sheets, phone logs, memoranda, and any documents which would evidence what amount of time was expended in attempting to resolve the underlying claim and what efforts were taken by the defendant Safeco to resolve or adjust any other claims.

**RESPONSE:**


**REQUEST NO. 3:**    Please produce any and all records respecting grievances and/or complaints maintained by the defendant State Farm in compliance with **West Virginia Code §33-11-4(10)** relating to unfair claim settlement practices.

**RESPONSE:**


**REQUEST NO. 4:**    Please produce a copy of all documents and items referred to or relied upon by you in responding to any of the above Interrogatories.

**RESPONSE:**

**REQUEST NO. 9**:            Please produce any agent's or policyholder's protests or interoffice memos regarding the handling of plaintiff's claims or any claims under a policy similar to the one issued to plaintiff.

**RESPONSE**:

**REQUEST NO. 10**:          Please produce a complete copy of any and all underwriting files for the plaintiff's policies.

**RESPONSE**:

**REQUEST NO. 11**:          Please provide a copy of your latest financial statement and/or operating profit and loss statement for the most recent fiscal year.

**RESPONSE**:

**REQUEST NO. 12**:          Please provide a copy of the claims file maintained by your underlying counsel.

**RESPONSE**:

Respectfully Submitted,
VERA JEAN YOUNGER, Plaintiff,

BY:

JOHN R. ANGOTTI, ESQUIRE (#5068)
DAVID J. STRAFACE, ESQUIRE (#3634)
CHAD C. GROOME, ESQUIRE (#9810)
ANGOTTI & STRAFACE, LC
274 Spruce Street
Morgantown, WV 26505
Phone: (304) 292-4381
Facsimile: (304) 292-7775
*Of Counsel for Plaintiff, Vera Jean Younger*

19

OFFICE OF THE CIRCUIT CLERK OF MONONGALIA COUNTY



JEAN FRIEND, CIRCUIT CLERK
75 HIGH STREET, SUITE 12
MORGANTOWN WV 26505
Telephone: 304-291-7240
Fax: 304-291-7273

**17th Judicial Circuit**

**Judge Susan B. Tucker**
**Judge Debra Scudiere**
**Judge Phillip D. Gaujot**

**20th Family Court**

**Judge Patricia Tolle-Hill**
**Judge Randal Minor**

April 16, 2020

Cheryl Dean Riley
United States District Court
Post Office Box 2857
Clarksburg, WV 26301

IN RE:  Vera Jean Younger
Vs.
Safeco Insurance Company of America
Civil Action No.  20-C-27

Dear Ms. Riley:

Enclosed please find copies of all pleadings filed in the above styled civil action that are being forwarded to you since this action has been removed to your Court.

Please contact this office if we can be of any further assistance in this matter.

Very truly yours,

Jean Friend
Circuit Clerk of Monongalia County

Enclosures

syt